HARRIS, Presiding Judge.
Appellant filed a pro se petition for writ of error coram nobis seeking to overturn a 1977 conviction for robbery and a sentence of fifteen years in the penitentiary. His original conviction was affirmed by this court without an opinion in September or October, 1977.
On June 11,1979, appellant filed his petition for writ of error coram nobis in which he alleges, among other things, that the trial judge before whom he was tried was the Deputy District Attorney who presented his case to the grand jury that returned the indictment against him. A copy of the indictment is in the record before us and is signed by the Deputy District Attorney but the record is silent as to the name of the trial judge before whom he was tried and convicted.
It is clear from the record that the trial judge who presided over the petition for writ of error coram nobis was the same person who, as Deputy District Attorney, presented the robbery charge to the grand jury. The trial judge dismissed the coram nobis petition without an evidentiary hearing on June 15, 1979.
The petition further alleges that he was represented by ineffective court-appointed counsel who failed to file a motion pointing out the disqualifications of the trial judge.
Since the petition was facially sufficient, petitioner should have been afforded a hearing on the merits upon issue being properly joined. Populus v. State, 51 Ala. App. 166, 283 So.2d 617.
This cause is hereby remanded to the trial court with directions to conduct an eviden-tiary hearing on all the issues raised in the petition.
The trial court is further directed to order that a full record be made of this hearing, which should be conducted expeditiously, and a transcript of these proceedings be promptly forwarded to this court.
*1070 Remanded for further proceedings in accordance with this opinion.*
All the Judges concur.

 After the trial court’s return following remand, the Court of Criminal Appeals dismissed this appeal as moot on November 5, 1979.